LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

EUGENIA CAICEDO,
*on behalf of herself, Nationwide FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

v.

THE ANTHEM COMPANIES, INC.
   f/k/a THE WELLPOINT COMPANIES, INC.,

    Defendant.

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

Plaintiff EUGENIA CAICEDO ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant, THE ANTHEM COMPANIES, INC. f/k/a THE WELLPOINT COMPANIES, INC. ("Defendant"), and states as follows:

1

**INTRODUCTION**

1. Plaintiff CAICEDO alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime compensation, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff CAICEDO also alleges, pursuant to the New York Labor Law ("NYLL"), that she and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime compensation, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

3. Plaintiff CAICEDO further alleges that she and others similarly situated were deprived of their statutory rights as a result of Defendant's unlawful discrimination practices pursuant to the New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), New York City Human Rights Law and the Administrative Code of the City of New York § 8-107 ("NYCHRL"), and brings this action against Defendant to recover (1) economic damages (2) compensatory damages for emotional distress, (3) punitive damages and (4) attorneys' fees and costs.

4. Plaintiff EUGENIA CAICEDO alleges an individual claim pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq, in that she was denied a proper opportunity for leave to take care of her medical and was retaliated against rather for taking leave to deal with medical issues. Plaintiff seeks all applicable remedies under the law, including (1) compensatory damages, (2) punitive damages, (3) back pay, (4) front pay, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. Defendant is subject to personal jurisdiction in this judicial district.

6. This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

8. This Court is empowered to issue a declaratory judgement pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff EUGENIA CAICEDO is a resident of Queens County, New York.

10. Defendant THE ANTHEM COMPANIES, INC. is a foreign business corporation operating in New York and organized under the laws of Indiana. Its principal executive office is located at 120 Monument Circle, Indianapolis, IN, 46204, and its address for service of process purposes is c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011. Defendant THE ANTHEM COMPANIES, INC. is registered to conduct business in New York and formerly operated under the name THE WELLPOINT COMPANIES, INC.

11. Defendant operates a healthcare enterprise that provides programs and services to uninsured and underinsured individuals. Defendant maintains offices and hires employees throughout the entire United States, including offices in California (18), Georgia (1), Maine (1), New Hampshire (1), Virginia (9), Colorado (2), Indiana (3), Missouri (4), New York (4), Wisconsin (5), Connecticut (1), Kentucky (2), Nevada (2), Ohio (9)

12. The Anthem Offices (the "Offices") share common central management, Human Resources team, central payroll (as evidenced on Plaintiff's pay stub, see **Exhibit A**), and central marketing team.

   a) Each Office location is engaged in the same business of providing insurance sales services.

   b) All the Offices share the same trade name "Anthem" with the same logo and are marketed jointly on one (1) common website: (https://anthem.com/). See **Exhibit B**.

   c) The Offices within New York State are commonly owned and operated by THE ANTHEM COMPANIES, INC. See **Exhibit C.**

   d) All offices share the common "Individual & Family" Webpage, "Medicare" Webpage, "Medicaid" Webpage, "For Employers" Webpage, "For Producers" Webpage, "For Providers" Webpage, corporate office address, email address and a 1-800 number. See **Exhibit D**.

   e) Job openings of Anthem in multiple states were posted on the same Webpage for prospective employees to apply. See also **Exhibit E** for the "Careers" Webpage**.**

   f) All Offices share common social media accounts, including: Facebook, located at https://www.facebook.com/AnthemBlueCrossBlueShield/; and Twitter, located at https://twitter.com/antheminc?lang=en. See **Exhibit F.**

13. At all relevant times, the Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

14. At all relevant times, the Defendant was an employer that employs four (4) or more "employees" within the meaning of the NYSHRL and NYCHRL, and is an "employer" and "person" within the meaning of Section 15(a) of the FLSA and Section 215 of the NYLL.

15. At all relevant times, the work performed by Plaintiff, Nationwide FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendant.

**NATIONWIDE FLSA COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiff CAICEDO brings claims for relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-managerial employees, who engaged or facilitated in the enrollment and/or recertification of clients (including but not limited to all non-managerial Retention Associates, Facilitated Enrollers, Medicaid Representatives outside of New York City, and all Sales Representative, Field Sales Representative, and Inside Sales Representative employees within New York City and throughout the United States) employed by Defendant on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("Nationwide FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff CAICEDO and Nationwide FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek and improperly classifying non-exempt employees as exempt. The claims of Plaintiff CAICEDO stated herein are essentially the same as those of Nationwide FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b). The Nationwide FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the Nationwide FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS

19. Plaintiff CAICEDO brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-managerial employees who engaged or facilitated in the enrollment and/or recertification of clients (including but not limited to all non-managerial Retention Associates, Facilitated Enrollers, Medicaid Representatives outside of New York City, and all Sales Representative, Field Sales Representative, and Inside Sales Representative employees within New York City and throughout the United States) employed by Defendant on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff CAICEDO, are referred to herein as the "Class" or "Class Members." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and the rates of pay for each Class Member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

22. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each

6

member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant, as alleged herein, of improperly classifying non-exempt employees as exempt, failing to pay overtime compensation, failing to provide proper wage statements, and failing to provide proper wage and hour notices. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation

claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendant and other employers throughout the United States violate state labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

> (a) Whether Defendant employed Plaintiff and Class Members within the meaning of the state labor laws;
>
> (b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class Members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendant required to pay Plaintiff and Class Members for their work;

(d) Whether Defendant properly notified Plaintiff and Class Members of their pay rates;

(e) Whether Defendant paid Plaintiff and Class Members the proper overtime compensation;

(f) Whether Defendant misclassified Plaintiff and Class Members as exempt from overtime;

(g) Whether Defendant provided proper wage statements to Plaintiff and Class Members; and

(h) Whether Defendant provided proper wage and hour notices to Plaintiff and Class Members.

## STATEMENT OF FACTS

27. In or about June 1996, Defendant hired Plaintiff EUGENIA CAICEDO to work as a Field Sales Representative in Anthem's Medicare Department.

28. In this position, Plaintiff CAICEDO called existing and potential new clients to gather additional information that was missing from the clients' applications or that was required by the government for Medicare and long-term care services. She was assigned regions of the country to focus her client calls to complete her work. In September 2018, at the end of her employment, Defendant paid Plaintiff CAICEDO about $75,000.00 per year plus commission to perform these duties.

29. Plaintiff has a quota for signing up customers. To meet her production quota, she needed to sign up at least forty-five (45) members a month, during the open enrollment period, between October 15 and December 7 of each year. During the rest of the year, she had to sign up twelve (12) additional members per month. The progress of meeting these quotas was reviewed every three months. In order to meet these quotas throughout the year, Plaintiff CAICEDO typically had to work 70 hours per week, with approximately 30 hours overtime per week. She worked from home to complete this additional work.

30. Deborah Younger was Plaintiff's manager. She continuously told Plaintiff to "take classes to fix her accent." The harassment lasted her entire employment period on at least a monthly basis.

31. Plaintiff's manager, Deborah Younger, also made comments about the age of candidates for employment at their workplace. While in a process of doing interviews, Deborah Younger told Plaintiff, "This candidate is good, but he's aging. We can't hire old people; they have no energy." Many candidates were not hired on these grounds. Plaintiff feared, as she was, older than many of the other employees, she was at risk of her job because of her age and that Defendants would be seeking any excuse to terminate her.

32. In or about September 2018, Plaintiff CAICEDO took a leave of absence for medical purposes for 30 days. Plaintiff's manager, Deborah Younger, would call her by phone during her leave absence. The frequency of these calls were about twice a week. When plaintiff objected, Younger would reply: "Are you dead? I don't care if you're sick. Come back ASAP." Plaintiff called the human resources department of Anthem to complain about these calls. An individual from Human Resources reprimanded Younger for this behavior.

33. In retaliation for her complaint, when Plaintiff returned to work, Younger assigned Plaintiff regions of the country to make calls that were remote areas. Among employees of Anthem, it was well known that these were more difficult areas to sign up members and hardly generated any sales. Plaintiff believes this was done in order to make her face consequences for not meeting her quotas when she was on medical leave, and for complaining about Deborah Younger for making Plaintiff come back to work when she was out for medical leave. . Eventually, Plaintiff did face such consequences because of her low sales as a result of working solely on remote areas as assigned. She was then fired in or about September 2018. Her termination was also discriminatory because other people who didn't meet quotas were not so quickly summarily fired; but because of her age and retaliation against her, Plaintiff faced insurmountable odds to keep her job.

34. Throughout her employment with Defendant, Plaintiff regularly worked more than forty (40) hours per week. Due to company pressure to produce and because it was not possible to meet her required quota during the scheduled hours from 9 am to 5 pm, 5 days a week, she had no choice but to engage in sales activities with clients on the phone after hours, including on weekends. Although she was working overtime, she was never paid overtime. Similarly, Nationwide FLSA Collective Plaintiffs and Class Members regularly worked over forty (40) hours per week but Defendant failed to pay them the required overtime premium compensation.

35. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the state overtime rate (of time and one-half) to Plaintiff, Nationwide FLSA Collective Plaintiffs and Class Members for all

hours worked in excess of forty (40) hours per week by improperly misclassifying them as exempt.

36. Defendant knowingly and willfully operated its business with a policy of not providing wage statements to Plaintiff, Nationwide FLSA Collective Plaintiffs and Class Members that list the accurate rates of pay and regular and overtime hours worked per week, as required by the NYLL and applicable state labor laws.

37. Defendant knowingly and willfully operated its business with a policy of not providing wage and hour notices that list the accurate rates of pay and regular and overtime hours worked per week to Plaintiff, Nationwide FLSA Collective Plaintiffs and Class Members, in violation of the state wage and hour law.

38. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, Nationwide FLSA Collective Plaintiffs and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### ON BEHALF OF PLAINTIFFS AND NATIONWIDE FLSA COLLECTIVE PLAINTIFFS

39. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

40. At all relevant times, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and Nationwide FLSA Collective

Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendant employed Plaintiff and Nationwide FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, Defendant had gross annual revenues in excess of $500,000.

43. At all relevant times, Defendant had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and Nationwide FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

44. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and Nationwide FLSA Collective Plaintiffs at the statutory overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

45. Defendant failed to properly disclose or apprise Plaintiff and Nationwide FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and Nationwide FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and Nationwide FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

48. Records, if any, concerning the number of hours worked by Plaintiff and Nationwide FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and Nationwide FLSA Collective Plaintiffs are in the possession and custody of Defendant. Plaintiff

intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Plaintiff and Nationwide FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

### ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

50. Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff and New York Class Members were employed by Defendant within the meaning of the New York Labor Law §§ 2 and 651.

52. Defendant knowingly and willfully violated Plaintiff's and New York Class Members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

53. Defendant knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and New York Class Members, as required by New York Labor Law § 195(1).

54. Defendant knowingly and willfully failed to provide proper wage statements to Plaintiff and New York Class Members with every wage payment, as required by New York Labor Law § 195(3).

55. Due to Defendant's New York Labor Law violations, Plaintiff and New York Class Members are entitled to recover from Defendant their unpaid overtime compensation, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## VIOLATION OF APPLICABLE STATE WAGE AND HOUR LAWS

56. Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

57. At all relevant times, Plaintiff and Class Members were employed by Defendant within the meaning of the applicable state wage and hour laws.

58. Defendant knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

59. Defendant knowingly and willfully failed to provide proper wage statements and notices to Plaintiff and Class Members, as required under the applicable state wage and hour laws.

60. Due to Defendant's state law violations, Plaintiff and Class Members are entitled to recover from Defendant their unpaid overtime compensation, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## COUNT IV

### VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

61. Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

62. Plaintiff EUGENIA CAICEDO is an employee and a qualified person within the meaning of the NYSHRL and Defendant is a covered employer under the NYSHRL.

63. Defendant violated Plaintiff's statutory protected rights under the NYSHRL, New York Executive Law § 296, by subjecting Plaintiff to a hostile work environment.

64. Defendant's conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

65. As a result of Defendant's unlawful employment practices, Plaintiff CAICEDO sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

66. Due to Defendant's violation under the NYSHRL, based on discrimination on the basis of age, Plaintiff CAICEDO is entitled to recover from Defendant: (1) an injunction ordering Defendant to cease its discriminatory practices as described herein; (2) back pay; and (3) compensatory damages.

## COUNT V

### VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

67. Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

68. Plaintiff CAICEDO is an employee and a qualified person within the meaning of the NYCHRL and Defendant is a covered employer under the NYCHRL.

69. Defendant violated Plaintiff CAICEDO's statutory protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by subjecting Plaintiff CAICEDO to a hostile work environment.

70. Defendant's conduct was intentional, malicious, willful or in reckless disregard of Plaintiff CAICEDO's protected rights under the NYCHRL.

71. As a result of Defendant's unlawful employment practices, Plaintiff CAICEDO sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

72. Due to Defendant's violation under the NYCHRL based on discrimination on the basis of age, Plaintiff CAICEDO is entitled to recover from Defendant: (1) back pay; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees and costs.

## COUNT VI

## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

73. Plaintiff EUGENIA CAICEDO realleges and reavers Paragraph 1 through 140 of this Class and Collective action Complaint as if fully set forth herein.

74. The FMLA states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S. Code § 2612(a)(1)(d).

75. Section 2611(11) states in pertinent part: "the term 'serious health condition' means an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider."

76. Defendants' actions constitute a violation of Section 2614(c)(1) of the FMLA, which states: "Except as provided in paragraph (2), during any period that an eligible employee takes leave under section 2612 of this title, the employer shall maintain coverage under any "group health plan" (as defined in section 5000(b)(1) of title 26) for the duration of such leave at the level and under the conditions coverage would have been provided if the employee had continued in employment continuously for the duration of such leave."

77. Defendants are subject to the FMLA as a covered employer. Defendants are a covered employer because they employ 50 or more employees for each working day during each of the 10 or more calendar workweeks in the year preceding their violation of Plaintiff EUGENIA CAICEDO's rights under the FMLA.

78. Plaintiff EUGENIA CAICEDO is an eligible employee under the FMLA because she had worked at least 1,250 hours in the 12 months preceding the request for leave.

79. Defendants willfully violated Plaintiff EUGENIA CAICEDO's rights under the FMLA by terminating his employment benefits including health insurance, group life insurance and disability insurance.

80. Plaintiff EUGENIA CAICEDO seeks all applicable remedies under the law, including compensatory damages, punitive damages, back pay, front pay, and attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of themselves, Nationwide FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the applicable state laws;

b. A declaratory judgment that the practices complained of herein are unlawful under the NYSHRL and NYCHRL;

c. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid overtime compensation due under the FLSA and the applicable state laws;

e. An award of statutory penalties as a result of Defendant's failure to comply with the wage notice and wage statement requirements under the applicable state laws;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation, pursuant to the FLSA and/or and the applicable state laws;

g. An order awarding relief for Defendant's discriminatory conduct, including but not limited to back pay, compensatory and punitive damages;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the Nationwide FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:    June 29, 2021                              Respectfully submitted,

                                            By:      *s/ C.K. Lee*
                                                        C.K. Lee, Esq.

                                                        LEE LITIGATION GROUP, PLLC
                                                        C.K. Lee (CL 4086)
                                                        Anne Seelig (AS 3976)
                                                        148 West 24th Street, Eighth Floor
                                                        New York, NY 10011
                                                        Tel.: 212-465-1188
                                                         Fax: 212-465-1181

                                                        *Attorneys for Plaintiff, Nationwide FLSA Collective Plaintiff and the Class*