

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _02/16/2022_

**MEMO ENDORSED**

**Seyfarth Shaw LLP**
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3958
**T** (404) 885-1500
**F** (404) 892-7056

bbartlett@seyfarth.com
T (404) 888-1875

www.seyfarth.com

February 16, 2022

**VIA ECF**

Re:     *Eugenia Caicedo et al. v. The Anthem Companies, Inc.*, No. 21-cv-5642 (VEC) –
         Adjournment of Pretrial Conference

Dear Judge Caproni:

Per the Court's Notice of Pretrial Conference (Doc. 23) in this hybrid Fair Labor Standards Act / New York Labor Law case, Defendant The Anthem Companies, Inc. submits this letter request for an adjournment of the Initial Pretrial Conference currently scheduled for Friday, February 18, 2022 at 3:00 pm.   Neither party has previously requested an adjournment.  Anthem conferred by telephone with Plaintiff's counsel on February 15, 2022 about this letter and the reasons Anthem believes a postponement of the conference is appropriate.  Counsel represented that Plaintiff does not consent to the adjournment sought and instead stated that she prefers to litigate this case.

Anthem believes an adjournment is appropriate for three reasons.  First, Plaintiff's collective definition and claims are nearly identical when compared to *Harris et al. v. The Anthem Companies, Inc.*, No. No. 22-cv-00002 (S.D. Ind.) (filed Jan. 3, 2022)—Plaintiff's counsel's apparent attempt to escape the potential personal jurisdiction limits on nationwide aggregate litigation against Anthem outside its home state—such that *Harris* subsumes the FLSA claims in the instant litigation. Because Indiana is Anthem's home state and because of the near identity of *Harris* and this case, Anthem intends to move this Court to transfer Plaintiff's lawsuit to the U.S. District Court for the Southern District of Indiana.

Anthem has advised Plaintiff's counsel that it is likely to file such a motion; and it has asked Plaintiff's counsel why the cases might be so different that transfer would be inappropriate.  Anthem had hoped that the answer to one or the other questions would either permit an unopposed transfer motion or provide a more clear understanding of how the two cases relate and why they should not proceed before the same court (i.e., in Indiana).  Plaintiff's counsel remain unable to provide clarity on either point.  Having now apparently exhausted its chances of more fully informing its decision whether to transfer, Anthem intends to seek transfer within two weeks from the filing of this letter.  For this reason, it would request that this Court adjourn its scheduling conference in favor of determining the propriety of transfer before directing that this litigation proceed more actively.

79813839v.1

 Seyfarth

February 16, 2022
Page 2

Second, Anthem understands that Plaintiff intends to file a motion asking this Court to conditionally certify an FLSA collective and to authorize the distribution of notice to that collective's putative members.  This Court's determination of that motion will materially affect how this case proceeds.  A ruling in Plaintiff's favor would substantially expand the scope of discovery and would, as a result, likely lead to a substantial discovery schedule revision if a calendar is created before certification.  The consequence of denial would be that the case proceeds on an individual basis, at least with respect to Plaintiff's FLSA claims.

Third, the uncertain makeup of the putative FLSA collective and NYLL Rule 23 class makes planning future events and associated deadlines difficult.  Plaintiff appears to seek to represent people who, she claims, were both misclassified as exempt *and* who worked off-the-clock, two mutually exclusive theories of recovery that make identifying putative class members impossible.  It is also unclear whether Plaintiff is pursuing FLSA claims on behalf of a nationwide class as she stated in the parties' recent joint letter, or whether this case is limited to New York, as the existence of *Harris* would appear to imply.  Clarity on both points before holding a preliminary conference would facilitate a more productive discussion and a discovery plan that fits this case, whatever its precise contours might ultimately be.

Instead of holding a preliminary conference on February 18, Anthem proposes that the conference be deferred until after this Court rules on Anthem's motion to transfer or, alternatively if that motion is denied, on Plaintiff's motion for conditional certification.  Deferring would allow for a more productive conference and would be the most efficient way to proceed given the multiple unclear, moving parts in this case.

Anthem thanks the Court for consideration of this request.

Very truly yours,

SEYFARTH SHAW LLP

/s/ Brett C. Bartlett

Brett C. Bartlett

Defendant's application to adjourn Friday's initial pretrial conference is DENIED.  The issues Defense counsel has identified in his letter will be discussed at Friday's conference.

SO ORDERED.

Date: February 16, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

79813839v.1