# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/13/2022

**MEMO ENDORSED**

WRITER'S DIRECT:   212-661-1008
cklee@leelitigation.com

May 12, 2022

**Via ECF**
The Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Caicedo v. The Anthem Companies, Inc.,*
Case No.: 21-cv-05642 (VEC)(KPF)

Dear Judge Caproni:

We are counsel to Plaintiff in the above-referenced case. We write, jointly with Defendant, pursuant to the Court's request of May 5, 2022, to outline this matter's current discovery dispute.

On April 21, 2022, Plaintiff served discovery requests on Defendant. On May 3, 2022, Defendant informed Plaintiff that Defendant would not be responding as it is their position that the discovery period has not commenced.

*Plaintiff's Position*:

Defendant believes that this Court's refusal to enter a Case Management Order until after a decision on conditional certification forecloses the need to respond to Plaintiff's discovery requests. That is demonstrably incorrect. The only procedural hurdle prior to the commencement of discovery is parties' Rule 26 conference. As there has been no stay nor any motion to stay this matter, Plaintiff is entitled to receive discovery responses.

At the parties' February 18, 2022 conference with the Court, the Court determined it would enter a Case Management Plan after Plaintiff's Motion for Collective Certification was resolved. The Court did not stay discovery. The issue identified by the Court at this conference concerned the scope of the class and collective action. At the least, nothing in the Court's Order foreclosed Plaintiff from seeking a witness lists as to her individual claims; or prevent Plaintiff from conducting depositions as to the same; or prevent plaintiff from seeking documents to advance her claims.

More importantly, class discovery should not be stayed because regardless of the outcome of the conditional collective certification motion, Plaintiff is entitled to pursue discovery to support or disprove her class claims under Rule 23, which is not filed pre-discovery, unlike the conditional certification motion (where urgency to file is imperative because the Statute of Limitations is not tolled for prospective collective claimants). Plaintiff's Rule 23 motion is intended to be filed after Plaintiff has full opportunity for discovery independent of the results from the conditional certification motion. Frequently, because no discovery has been conducted, a claimant may lose a conditional certification motion, but later be meritorious on a Rule 23 Class because additional class discovery was gained to support such motion. *Francisco v. NY Tex. Care, Inc.*, 2022 U.S. Dist.

LEXIS 55633 (E.D.N.Y. March 28, 2022) (Granting certification of a larger Rule 23 class than the originally, conditionally certified collective class); *see also, Hernandez v. NHR Human Res., LLC*, 2021 U.S. Dist. LEXIS 115242 (S.D.N.Y. June 18, 2021) (Granting Rule 23 discovery for a larger class than the collective class which was conditionally certified).

Finally, Plaintiff may be severely prejudiced if forced to wait for a decision on her motion before engaging in discovery. Plaintiff's Motion for Conditional Collective Certification has not been fully briefed but, once briefed, a decision is unlikely to be entered for another six months to a year. This matter was filed ten-months ago on June 29, 2021. After the filing of the Complaint, the Court entered a Mediation Referral Order, which prevented discovery from being sought and proved unsuccessful on January 18, 2022. Memories fade, documents grow stale, witnesses change jobs, relocate and becoming unreachable. Should Plaintiff be prevented from engaging in discovery for another year, Plaintiff may be unable to acquire the necessary documents and testimony to advance her claims.

*Defendant's Position*:

Plaintiff Caicedo correctly notes that this Court declined to enter a Case Management Plan until after a decision on conditional certification because the scope of discovery and the length of the discovery period will be driven by that decision. That makes sense. Simply put, a single-plaintiff case involving only Ms. Caicedo will require a very different set of documents, deponents, deadlines than a case involving an untold number of putative opt-in plaintiffs spread across seven different job positions. Per this Court's February 18 Order (Doc. 30), then, the parties have no set date to exchange initial disclosures (something that has yet to occur), no date by which to complete discovery, and no contours around the subjects on which discovery may be sought.

Caicedo's discovery requests—which seek information, documents, and unilaterally noticed fact and corporate representative depositions across all seven job positions that Caicedo purports to place at issue on behalf of her sprawling proposed collective—effectively mock that Order and this Court's concerns about the scope of discovery. The requests, and Caicedo's demands that Anthem fulfill them, create a forced and costly fishing expedition on a collective basis at a time when the Court has not yet decided if Caicedo's case will proceed individually or collectively. These tactics create the *exact* discovery disputes, and attendant expenditures of time and money, that a decision on Caicedo's motion for conditional certification will largely resolve and, Anthem submits, that this Court's February 18 Order sought to avoid.

The existence of state law claims that Caicedo hopes to shoehorn into a Rule 23 class does not change that reality. As this Court recognized during the preliminary conference, and as Anthem's response to conditional certification makes clear, Caicedo's proposed collective includes so many disparate job titles that proceeding on an aggregate basis is a tall hill to climb, whatever the procedural mechanism. Allowing discovery to proceed now simply because Caicedo also pursues state law claims would undermine the reason for delaying entry of a Case Management Plan and, as noted, create the very disputes this Court's Order carefully avoids.

Caicedo's feigned timeliness concerns should not trump the reasoning that drove that Order. Caicedo notes that this matter began almost eleven months ago. True, but this case's proximity to the starting gate is the doing of Caicedo and her counsel, not Anthem or this Court. Caicedo's

original complaint—which encompassed, among other things, nationwide FLSA claims and Rule 23 claims under a faintly described collection of "applicable state wage and hour laws"—was so haphazard that Caicedo had no choice but to amend it after Anthem pointed out its flaws. Caicedo had to amend a second time after the February 18 preliminary conference to make clear that her case pertains only to New York, something she refused to do beforehand despite her counsel's ongoing related nationwide litigation in Indiana and despite knowing that her complaint in this case contained no such limitation.

Caicedo's newfound concern about expediency, in short, is a red herring. The passage of time stems from her own tactical decision to advance and cling on to hopelessly overshot pleadings, and it does nothing to justify what is in essence a reversal of this Court's decision to delay entry of a Case Management Plan until after it decides Caicedo's pending motion for conditional certification.

Respectfully submitted,

*/s/ CK Lee.*  
C.K Lee, Esq.

For Plaintiff.

*/s/ Brett Christopher Bartlett*  
Brett Christopher Bartlett, Esq.

For Defendant.

---

Discovery in this matter is hereby STAYED pending the Court's resolution of Plaintiff's motion for conditional collective certification (Dkt. 34). Although the stay was not explicitly entered at the February 18, 2022 conference, that was the Court's intention. The resolution of Plaintiff's motion for conditional collective certification will determine the applicable scope of fact discovery; allowing discovery to proceed before that occurs is inefficient and wasteful.

The Clerk of Court is respectfully directed to close the open motion at docket entry 45.
SO ORDERED.

*[signature: Valerie Caproni]*

Date: May 12, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE