```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/29/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EUGENIA CAICEDO, on behalf of herself,
Nationwide FLSA Collective Plaintiffs and the
Class,

                                  Plaintiff,

           -against-

THE ANTHEM COMPANIES, INC. F/K/A THE
WELLPOINT COMPANIES, INC.,

                                Defendant.
-------------------------------------------------------------------X

21-CV-5642 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

       This is an action brought by Plaintiff Eugenia Caicedo against Defendant The Anthem Companies ("Anthem") for, *inter alia*, alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, New York Labor Law ("NYLL"), New York State Human Rights Law, and New York City Human Rights Law. *See* Sec. Am. Compl., Dkt. 32. Plaintiff moves for conditional collective certification pursuant to § 216(b) of the FLSA, *see* Mot., Dkt. 34, which Defendant opposes, *see* Def. Opp. Dkt. 43. On June 2, 2022, this Court ordered Plaintiff to show cause why the present action should not be stayed pending the resolution of a related case, *Fillipo v. The Anthem Companies, Inc.*, No. 22-cv-926 (S.D. Ind.), pending in the Southern District of Indiana. *See* Order, Dkt. 53. For the reasons stated below, the Court declines to stay the case, and Plaintiff's motion for collective certification is DENIED.

## BACKGROUND

       Anthem is a major health insurance company with offices throughout the United States. Its various offices are managed by a central human resources and payroll team that applies uniform employment policies across their offices. *See* Sec. Am. Compl. ¶ 11–12; Pl. Mem., Dkt.

1

35 at 5–6. From 1996 through 2018, Plaintiff worked at Anthem's New York office as a sales representative, selling private Medicare plans. Sec. Am. Compl. ¶ 27. Plaintiff alleges that to meet sales quotas, she and other salespersons were forced to work more than forty hours per week but were not paid overtime. *Id.* ¶ 29. Plaintiff further alleges that Defendant willfully misclassified several categories of employees as outside salespersons, making them exempt from the requirement that they receive premium pay for overtime.[1] Under applicable FLSA regulations, to be correctly classified as an outside salesperson, the employee must, *inter alia*, work away from the employer's place of business and not at any fixed location. *See* 29 C.F.R. § 541.502. Plaintiff asserts that those conditions were not met because sales representatives worked from home, which "is considered one of the employer's places of business." *Id.*; Sec. Am. Compl. ¶ 32.[2]

On February 16, 2022, Defendant informed the Court that Plaintiff's counsel had commenced parallel litigation in Indiana, captioned *Harris et al. v. The Anthem Companies, Inc.*, No. 22-cv-00002 (S.D. Ind.), purportedly on behalf of a nationwide collective. *See* Def. Letter, Dkt. 26. On February 18, 2022, the Court ordered Plaintiff to file an amended complaint in this case narrowing the scope of the proposed collective from a nationwide collective to a collective consisting solely of employees based in New York state and to file an amended complaint in *Harris* that excluded all New York employees from any claims under state law. *See* Order, Dkt. 30. Plaintiff did so on March 2, 2022. *See* Sec. Am. Compl., Dkt. 32. On June 1, 2022, Defendant informed the Court that Plaintiff's counsel had filed a third related case, *Fillipo v. The*

---

[1] Perhaps mistakenly, Plaintiff also states she was misclassified "as an out*door* salesperson." Caicedo Decl., Dkt. 38 ¶ 5 (emphasis added).

[2] In addition to her FLSA claims, Plaintiff also seeks to represent a class of employees who were discriminated against based upon their age or ethnicity, Sec. Am. Compl., Dkt. 32 ¶¶ 19, 39–40, 42, and brings an individual claim under the Family and Medical Leave Act, *id.* ¶¶ 4, 41, 42.

*Anthem Companies, Inc.*, No. 22-cv-926 (S.D. Ind.), in which the plaintiff sought to represent a collective that also included non-managerial Anthem employees in New York state. Def. Notice of Related Case Filing, Dkt. 50 at 2. The Court ordered Plaintiff to show cause why the Court should not stay this case pending the resolution of *Fillipo*. *See* Order, Dkt. 53.

## DISCUSSION

**I.  A Stay Is Not Appropriate**

"[W]hen competing lawsuits have been filed in different courts relating to the same controversy," courts may stay one lawsuit pending resolution of the other. *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11-CV-8751, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012). The lawsuits need not have precisely identical parties and issues; courts may stay a duplicative action as long as "the claims, parties and available relief [do] not significantly differ between the actions." *Id.* at *4 (cleaned up).

There is substantial overlap between this case and *Fillipo*, as both seek money damages for individuals employed by Anthem in New York state who were allegedly misclassified as outside salespersons, which deprived them of overtime compensation. The Court agrees with Plaintiff, however, that the two cases are not sufficiently similar to warrant staying this case. Some individuals included in the proposed collective in *Caicedo*, which covers exempt outside salespersons who worked for Anthem in New York after June 2018,[3] Pl. Mem. at 1, are not included in the proposed collective in *Fillipo*, which encompasses exempt outside salespersons who worked for Anthem after March 1, 2020. Pl. Resp to Order, Dkt. 62 at 2. Accordingly,

---

[3]  In Plaintiff's response to the Court's order to show cause, Plaintiff describes the proposed collective in the present case as spanning from June 29, 2015, to the present. Pl. Resp. to Order, Dkt. 62 at 2–3. Plaintiff, however, has only moved for conditional certification of a collective consisting of non-managerial employees "employed by Defendant within New York state on or after the date that is three years before the filing the Complaint." Pl. Mem., Dkt. 35 at 1. The initial complaint was filed on June 29, 2021, Dkt. 1; thus, Plaintiff is proposing a collective spanning back to June 29, 2018.

Plaintiff Caicedo would not be included in the *Fillipo* action because she was not employed by Anthem after March 1, 2020. *Id.* at 1. Furthermore, *Fillipo* focuses on policies regarding work from home influenced by the COVID-19 pandemic. *Id.* at 7. *Fillipo* "do[es] not subsume, and [its] resolution would not be conclusive of" the issues raised in *Caicedo*. *Lloyd v. J.P. Morgan Chase & Co.*, No. 11-CV-9305, 2012 WL 3339045, at *1 (S.D.N.Y. Aug. 14, 2012); *see also Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 349 (E.D.N.Y. 2018).

Even if there were sufficient overlap to warrant consideration of a stay, the Second Circuit has long "recognized 'the basic proposition that the first court to obtain jurisdiction of the parties and of the issues should have priority over a second court to do so.'" *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722 (2d Cir. 2010) (quoting *Nat'l Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 45 (2d Cir. 1961)). *Caicedo* was commenced before *Fillipo*, *see* Def. Letter Ex. 1, Dkt. 50, and thus, this action has priority.[4]

## II. Plaintiff Fails to Establish that the Employees in the Proposed Collective Are Similarly Situated to Her

### A. Legal Standard

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, permits employees to maintain an action for and on "behalf of . . . themselves and other employees similarly situated."

---

[4] While district courts may decline to apply the first-filed rule when there are "special circumstances" or "the balance of convenience favors the second-filed action," neither exception applies here. *Emps Ins. of Wausau v. Fox Ent. Grp.*, 522 F.3d 271, 275 (2d Cir. 2008) (citation omitted). Special circumstances are "quite rare;" they are generally limited to situations where the plaintiff engages in "manipulative or deceptive behavior." *Id.* at 275–76. The balance of convenience also does not counsel in favor of issuing a stay. The alleged wrongdoing in this case centers on the terms and conditions of employment in New York. Trial in New York of such claims is likely to be more convenient for witnesses, and the sources of proof are likely to be located here. *See* Sec. Am. Compl. at 5. While the Defendant is not a domiciliary of New York, Plaintiff chose New York and is domiciled in New York. *Id.* at 3. The principles of judicial economy also weigh in favor of proceeding, as the motion for collective certification has been fully briefed.

29 U.S.C. § 216(b). In determining whether to certify a collective action, courts in the Second Circuit use a two-step process. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).

At the notice stage, a plaintiff must establish that other employees "may be 'similarly situated'" to her. *Id.* at 555 (citation omitted). To meet this burden, the plaintiff need only "make a 'modest factual showing' that [she] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (citation omitted). "[I]f named parties and party plaintiffs share legal or factual similarities material to the disposition of their claims, 'dissimilarities in other respects should not defeat collective treatment.'" *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 516 (2d Cir. 2020) (citation omitted).

Although that burden is modest, "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (internal quotation marks and citation omitted), and it generally cannot be satisfied by "unsupported assertions," *Myers*, 624 F.3d at 555 (internal quotation marks and citation omitted). Nonetheless, courts employ a "low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citation omitted). Courts do not examine at this point "whether there has been an actual violation of law." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, Nos. 93-CV-178, 93 CV-179, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)).

At the second stage, when the court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated'" to the named plaintiffs and that they were all subject to a common illegal wage practice. *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3964, 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555) (emphasis in original). The action may be "'de-certified' if the

record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555 (citation omitted).

### B. Plaintiff Has Not Meet the Notice-Stage Burden

Plaintiff seeks to certify a collective of "all non-managerial" employees who were misclassified as exempt, "including but not limited to . . . Retention Associates, Facilitated Enrollers, Medicaid Representatives, Customer Service Representatives, Sales Representative[s], Field Sales Representative[s], and Inside Sales Representative[s]" who were employed by Anthem[5] in the state of New York at any point during the three years before the Complaint was filed. Pl. Mem.at 1. Because courts do not examine "whether there has been an actual violation of law" at the notice stage, *Young*, 229 F.R.D. at 54 (citation omitted), the Court need not delve into whether Plaintiff has stated a claim under federal law. Instead, the proper inquiry is whether Plaintiff has demonstrated that she is similarly situated vis-à-vis her FLSA claim to the putative collective members. The Court finds that she has not.

Plaintiff's motion for collective certification states that the members of the proposed collective are similarly situated to Plaintiff but provides almost no facts to support that conclusion. Plaintiff includes no information about the duties, hours worked, or places of employment of persons who worked in jobs categories other than Plaintiff's own. Nevertheless, based entirely on Plaintiff's experience as a sales representative, she asserts that persons working in all of the listed job categories should be included in the collective. Pl. Reply, Dkt. 49 at 3, 6.[6] While the burden of proof at the notice stage is low, it is not this low.

---

[5] Plaintiff includes several documents related to the history of Anthem, Inc., which is not a named Defendant in this case. *See* Pl. Mem. Ex. 2–8, Dkt. 35. Even if those screenshots were relevant, mission statements or company values are not enough to tie together a collective.

[6] Plaintiff cites repeatedly to Exhibit E of her motion. Exhibit E is a job posting, dated March 24, 2022, for a field sales agent in Tampa. The job posting describes the position as a "work-at-home" opportunity. Significantly, that job posting says nothing about where Retention Associates, Facilitated Enrollers, Medicaid Representatives,

Critically, Plaintiff fails to provide any facts to suggest that members of the proposed collective regularly worked at home. *See* 29 C.F.R. § 541.502 ("An outside sales employee must be customarily and regularly engaged 'away from the employer's place or places of business.'"). Plaintiff states, in a conclusory way, "Defendant improperly classified me, and other sales employees, as exempt outside salespersons despite the majority of us operating sales activities from a fixed site (home offices) . . . ." Caicedo Decl., Dkt. 38 ¶ 6. Plaintiff provides no factual support for that sweeping declaration. Rather, Plaintiff asks the Court to speculate that because she found in-person meetings to be too time-consuming and because she needed to "constantly engag[e] in sales from [her] home office" to meet her quotas, other exempt, non-managerial employees must have also chosen to spend the majority of their time working at home. *Id.* Plaintiff's "unsupported assertions" fall below even the "modest factual showing" required at the notice stage. *Myers*, 624 F.3d at 555.

Plaintiff further states that she knows Geovanna Venegas, Daniel Droblas, Doreen Thompson, and Lenke Ganz, four field sales and service representatives working in New York,[7] "spent the vast majority of their time working from their home offices" because they all discussed "how it was impossible to meet Defendants' quotas through in-person meetings." Caicedo Decl. ¶ 9; *see also id.* ¶ 13 ("We talked [about] how there were periods of our

---

Customer Service Representatives, Sales Representatives, and Inside Sales Representative work and does not, on its face, suggest that Sales Agents were misclassified as exempt. Its description of the job includes "delivering formal sales presentations to consumer groups," and "arranging private appointments in the customer's homes," tasks that seem entirely consistent with the classification of the job as an "outside salesperson." *See* Pl. Mem. Ex. E, Dkt. 35.

[7]     Plaintiff wishes to include in the collective persons who were Retention Associates, Facilitated Enrollers, Medicaid Representatives, Customer Service Representatives, Sales Representatives, Field Sales Representatives, and Inside Sales Representatives. Pl. Mem. at 1. It is not clear how to map the job categories in her proposed collective to her assertion that Venegas, Droblas, Thompson, and Ganz were "field sales and service representatives." The Court assumes they were "Field Sales Representatives."

employment where we spent almost all our time at home . . . .").[8] Plaintiff provides no information as to when and where these conversations occurred — details that are "particularly important" where, as here, Plaintiff "performed a single job function" but seeks to certify a collective comprised of employees performing multiple job functions. *Reyes Cruz v. 70-30 Austin St. Bakery Inc.*, No. 18-CV-7408, 2019 WL 1929910, at *4 (S.D.N.Y. May 1, 2019) (internal quotation marks and citation omitted). It is well-established that "a plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those other potential opt-in members." *Id.* at *5.

Plaintiff supplements her own declaration with a declaration from Lita Filippo,[9] who is the named plaintiff in one of the cases pending against Anthem in Indiana. Pl. Mem. at 9–10. The Filippo Declaration adds little to Plaintiff's motion to certify the collective, as it wholly concerns Anthem employees who worked in Indiana; those employees are outside the scope of the collective that Plaintiff seeks to certify.[10] *See* Filippo Decl., Dkt. 37 ¶¶ 1, 4, 8. At the notice-stage, the Court is limited to considering whether "the opt-in plaintiffs are similar to the named plaintiffs," *Scott*, 954. F.3d at 516, and Filippo is neither an opt-in plaintiff nor a named plaintiff.

---

[8]    There is an illogical leap in the Caicedo declaration. The fact that fellow employees discussed how difficult it was to meet their quotas through in-person meetings (which is the only statement she attributes to the other employees) does not mean that they "spent the vast majority of their time working from their home offices," which was the conclusion to which Caicedo jumped. Caicedo Decl., Dkt. 38. ¶ 9.

Even that minimal level of detail and illogical inferences are lacking as to persons who were Retention Associates, Facilitated Enrollers, Medicaid Representatives, Customer Service Representatives, Sales Representatives, and Inside Sales Representatives.

[9]    The Filippo Declaration spells the declarant's name as "Filippo," Filippo Decl., Dkt. 37, while the lawsuit filed in the Southern District of Indiana spells the Plaintiff's name as "Fillipo," Notice of Related Case Filing Ex. A, Dkt. 50. Except in references to document titles or case names, the Court uses "Filippo" for consistency.

[10]   The Court has some concerns about the accuracy of the Filippo Declaration as she makes statements regarding the NYLL, despite the fact that she does not assert that she ever worked in New York. Filippo Decl., Dkt. 37 ¶ 12. Filippo also asserts that by misclassifying Caicedo (who is the Plaintiff in this action), the Defendant deprived Filippo of overtime compensation. *Id*. at ¶ 5. Plaintiff's counsel is cautioned to pay more attention to detail in court filings and to ensure that their declarants carefully read declarations before signing them.

Even if the Court were to overlook the fact that the Filippo Declaration concerns employees in another state, the Filippo Declaration would not warrant certifying the proposed collective.  While it provides more details regarding the experiences of other field sales representatives,[11] the information provided focuses on working conditions during the COVID-19 pandemic, which commenced after Plaintiff Caicedo left Defendant's employ, and which is likely not indicative of normal working conditions in non-pandemic times.  Filippo describes one conversation that she had with Timothy Kraft, a field sales representative in Indiana.  Filippo Decl. ¶ 8.  According to Filippo, in January 2022, Kraft said that he "spent 100% of his time locked down at home" at "the height of the Pandemic." *Id.* ¶ 9.  The experience of one field sales representative during the COVID-19 pandemic — a public health catastrophe that dramatically changed the working conditions of most Americans — does not tend to prove much of anything, and it definitely does not tend to prove that the working conditions of seven (or more) different categories of non-managerial employees employed in New York before the pandemic included a fixed place of work.  The Filippo Declaration does not aid Plaintiff in carrying her low burden of demonstrating "that there may be other workers who were victims of the same policy or plan, subject to relevantly similar pay provisions, and whose job responsibilities were similar with respect to the responsibilities that might trigger exemptions from fair labor laws."  *Cheng Chung Liang v. J.C. Broadway Rest., Inc.*, No. 12-CV-1054, 2013 WL 2284882, at *1 (S.D.N.Y. May 23, 2013).

Plaintiff also includes Defendant's wage and policy manual, but these highly generalized regulations do not evince "a common policy or plan that violated the law." *Costello v. Kohl's Ill.,*

---

[11] The Court assumes, without deciding, that the field sales representative position discussed in the Filippo Declaration, Filippo Decl. ¶ 1, is the same as the Field Sales and Service Representative position discussed in the Caicedo Declaration, Caicedo Decl. ¶ 1.

*Inc.*, No. 13-CV-1359, 2014 WL 4377931, at *4.  They merely state standardized policies regarding when and how a qualified employee may request overtime.  Pl. Mem. Ex. F, Dkt. 35 at 3.  The manual does not provide any evidence that members of the proposed collective would be similarly situated, as it does not specify who the Defendant considers to be an employee qualified to request overtime pay.  *See id*.  As Plaintiff acknowledges, even individuals working under the same job titles may experience vastly different working conditions, as one job title may include workers who are both exempt and not exempt from overtime regulations.  *See* Pl. Reply at 10.

Similarly, while Plaintiff may demonstrate that employees holding job titles of "Field Sales and Service Representative" had the same or a similar job description, *see* Pl. Mem. at 10–11; Pl. Mem. Ex. J, Dkt. 35, a similar job description alone is not enough.  "[I]f a uniform job description by itself was sufficient, every business in corporate America would be subject to automatic certification of a nationwide collective action on the basis of the personal experiences of a single misclassified employee."  *Costello*, 2014 WL 4377931, at *4.  Plaintiff does not suggest that Anthem had an official policy, contained in the wage and policy manual, the job description, or elsewhere, that violated the FLSA.  The job description is particularly unhelpful because Plaintiff does not claim that Anthem required all field sales and service representatives to work from home.  To the contrary, the job description on which Plaintiff relies envisions workers traveling and meeting with potential customers, Pl. Mem. Ex. J., Dkt. 35 at 2, even though Plaintiff claims that members of the proposed collective were misclassified because they worked from home most of the time.

The Caicedo Declaration includes the names of four field sales and service representatives who she claims were not paid the overtime compensation that was due to them,

but she provides only limited details about a single individual, Geovanna Venegas. Caicedo Decl., ¶¶ 10–14. Despite the fact that Plaintiff represents that she "had conversations regarding [their] hours and duties all the time" with her co-workers, Plaintiff is unable to provide any specifics regarding those conversations, including when or where they occurred, other than her conversation with Venegas. *Id.* ¶ 14.

Plaintiff states that she spoke with Venegas after both women had left Defendant's employ. *Id.* ¶¶ 11, 14. Plaintiff states that she and Venegas discussed that "there were periods of [their] employment where [sic] we spent almost all of our time at home." *Id.* ¶ 13. Significantly, Plaintiff does not say either how often these periods of in home work occurred or how long such periods lasted. But even if Plaintiff's conversations with Venegas were enough to demonstrate that some field sales and service representatives in New York worked the majority of time at home, Plaintiff still fails to provide facts suggesting that all field sales and service representatives in New York worked primarily from home. And, of course, Plaintiff's conversation with Venegas provides no insight into the location of work of individuals who were Retention Associates, Facilitated Enrollers, Medicaid Representatives, Customer Service Representatives, Sales Representatives, and Inside Sales Representatives, all job categories she proposes be included in the collective.

Perhaps recognizing that her showing is woefully inadequate, Plaintiff relies on *Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300 (D. Colo. 2015), a district court decision from Colorado, to argue that this Court should reject settled law regarding the required showing to certify a collective at the first stage because "the current majority approach to collective certification" is wrong. *See* Pl. Reply at 2–3. The Court declines to follow *Turner*.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for collective certification is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at docket entry 34. Plaintiff's requests for discovery of the names and contact information of potential collective members, approval of the proposed notice, and to toll the statute of limitations are DENIED as moot.

The Court previously warned Plaintiff's counsel, who is an experienced FLSA litigator, that he would have "one shot" to define the proposed collective, and Plaintiff's counsel was specifically cautioned that a collective comprised of all the job titles mentioned in the complaint would be a difficult row to hoe. Transcript of Feb. 18, 2022, Hearing, Dkt. 39. Counsel ignored those warnings and then did a poor job of marshalling the evidence that might have supported certification of a narrower collective (i.e., a collective comprised of field sales and service representatives operating in the New York City area). Plaintiff will not be given leave to try again. Part of the rationale behind the certification process is judicial efficiency; there is nothing efficient about giving Plaintiff multiple bites of the apple.

As of the publication of this opinion, discovery is no longer stayed. *See* Order, Dkt. 46. The Court orders that all fact discovery shall be completed not later than **Friday, December 9, 2022**, and that all expert discovery shall be completed not later than **Monday, January 30, 2023**. The parties are warned that absent a showing of very good cause, the Court is unlikely to extend these deadlines.

The parties must appear for a pretrial conference on **Friday, December 16, 2022, at 10:00 a.m.** in Courtroom 443, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York,

NY 10007.  By **December 8, 2022**, the parties must submit a joint letter regarding the status of the case, including:

a. a statement of all existing deadlines, due dates, and/or cut-off dates;

b. a brief description of any outstanding motions;

c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

g. any other issue that the parties would like to address at the pretrial conference; and

h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

**SO ORDERED.**

Date:  September 29, 2022         _____
New York, NY                            **VALERIE CAPRONI**
                                         **United States District Judge**