

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 10/31/2022 |

**Seyfarth Shaw LLP**
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
**T** (404) 885-1500
**F** (404) 892-7056

bbartlett@seyfarth.com
T (404) 888-1875

www.seyfarth.com

**MEMO ENDORSED**

October 31, 2022

**VIA ECF**

Judge Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Re:   *Eugenia Caicedo on behalf of herself, Nationwide FLSA Collective Plaintiffs and the Class v. The Anthem Companies, Inc.*, Case No. 1:21-cv-05642-VEC

Dear Judge Caproni:

Defendant writes pursuant to Your Honor's Individual Practices in Civil Cases, paragraph 2.C., to request a stay of all proceedings in this litigation, pending the outcome of Plaintiff's improper and unauthorized appeal from the Court's order (ECF 66), which denied certification of an FLSA collective action.  Plaintiff opposes Defendant's request.

On October 28, 2022, Defendant received electronic notification of Plaintiff's Notice of Appeal.  (ECF 67)  The notice explains that Plaintiff has taken appeal from this Court's "Order denying collective claims, entered in this action on the 29th day of September, 2022."  *Id.*

Defendant cannot surmise from the notice and related submissions any foundation for Plaintiff's appeal.  Plaintiff did not request this Court's permission to take an interlocutory appeal under 28 U.S.C. § 1292(b).[1]  She has not, as she needed to do, explained why she believes an appeal should be permitted.[2]  Defendant – and this Court – are in the dark regarding the reasons why Plaintiff has appealed and what outcome she seeks if she succeeds.

---

[1] *See, e.g., Luo v. Panarium Kissena*, No. 15-CV-3642 (WFK), 2017 U.S. Dist. LEXIS 234009 (S.D.N.Y. July 21, 2017) (declining to certify denial of FLSA conditional certification for permissive interlocutory appeal for plaintiffs' failure to satisfy 1292(b) and given that such appeal "is a 'rare exception to the final judgment rule that generally prohibits piecemeal appeals'"); *Stevens v. HMSHost Corp.*, No. 10-CV-3571 (VVP), 2015 U.S. Dist. LEXIS 26707 (E.D.N.Y. Mar. 4, 2015) (denying interlocutory appeal under 1292(b) from order granting decertification of an FLSA collective action).  *See also Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 509 (2d Cir. 2020) (reviewing decertification of FLSA collective pursuant to 28 U.S.C. § 1292(b)).

[2] Because the Court's denial of collective certification is interlocutory, Plaintiff cannot pursue an appeal as of right under 28 U.S.C. § 1291.  *See Scott*, 954 F.3d at 509*; Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239 (3d Cir. 2013) (declining to exercise appellate jurisdiction over plaintiffs' appeal of order decertifying collective).



Judge Valerie Caproni
October 31, 2022
Page 2

From this darkened perspective, Defendant cannot know whether Plaintiff's appeal will change the contours of the litigation in one way or another.  It cannot know whether the appeal, and its outcome, might shift the parties' and the Court's requirements for discovery and further motions practice.

This Court has set several imminent deadlines that Plaintiff's appeal might impact.  The Court has ordered that the parties submit a status update by December 8, and that all fact discovery be completed by December 9, 2022.  The parties are to appear for a pretrial conference on December 16, 2022.  And expert discovery is set to close January 30, 2023.  Defendant requests that all of these deadlines, and those related to them, be suspended while Plaintiff's request for an appeal is reviewed.  *See Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F.3d 94, 96 (2d Cir. 2017) (staying district court proceedings in FLSA litigation during pendency of interlocutory appeal).

Defendant requests this stay not only because it is in the dark, as we note above, but also because—relatedly—it cannot predict what work Plaintiff's improper appeal will require of it and on what timeline.  This latest multiplication of proceedings seems to be tactical ploy to force Defendant to expend time and resources, without any colorable justification.  In the absence of substantive or procedural justification for the appeal, it seems that forcing Defendant's additional and otherwise unnecessary work is Plaintiff's sole purpose.[3]

A stay of these proceedings will guard against the distractions that Plaintiff has contrived by filing an unjustifiable appeal.  Defendant asks that the Court suspend all deadlines and order that the parties report back to it once Plaintiff's appeal has been determined.

Defendant asked that Plaintiff consent to this request.  She declined.  Defendant asked for a reason, but heard none.

Very truly yours,

SEYFARTH SHAW LLP

/s/ Brett C. Bartlett

Brett C. Bartlett

BCB:bb

---

> By **November 4, 2022**, Plaintiff must respond as to why (1) she believes that an interlocutory appeal is appropriate as a matter of procedure, (2) the Court would have jurisdiction over this matter given the pending notice of appeal, and (3) she refused Defendant's request to stay the matter pending resolution of the appeal.
>
> SO ORDERED.
>
> *[signature]*   10/31/2022
>
> HON. VALERIE CAPRONI
> UNITED STATES DISTRICT JUDGE

---

[3] As this Court is aware, Defendant is defending two other cases spun-off from this one, which Plaintiff's counsel pursue in the Southern District of Indiana.  Each has pressing deadlines and requirements all requiring substantial work in the months of November and December.