# Lee Litigation Group, PLLC

148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/07/2022

Writer's Direct:   212-661-1008
cklee@leelitigation.com

November 4, 2022

**MEMO ENDORSED**

**Via ECF**
The Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Caicedo v. The Anthem Companies, Inc.*,
Case No.: 21-cv-05642 (VEC)(KPF)

Dear Judge Caproni:

We are counsel to Plaintiff in the above-referenced case. We write, pursuant to the Court's Order of October 31, 2022 ("the Order"), to address (1) why Plaintiff believes that an interlocutory appeal is appropriate as a matter of procedure, (2) the jurisdiction of the case pending appeal, (3) whether a stay is appropriate pending the appeal.

In this matter, the question Plaintiff intends to certify for appeal is:

May a District Court deny a Plaintiff's collective or class motion without leave to renew, effectively disposing all of Plaintiff's collective and class claims, without ever permitting Plaintiff to conduct class discovery or even individual discovery as to the Plaintiff's own claims.

Plaintiff believes that, on its face, the Court's Order is dispositive as to her collective and class claims in this action, as it effectively constitutes a dismissal of these claims. Even if it is not categorized as dispositive, Plaintiff believes there are ample grounds to justify interlocutory appeal under 28 U.S.C. § 1292(b).

Under 28 U.S.C. § 1292(b), a district court is authorized to certify an order for interlocutory appeal if (1) the order involves a "controlling question of law;" (2) there is a "substantial ground for difference of opinion" concerning the legal question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under § 1292(b) is within the Court's discretion. But Plaintiff believes it is particularly appropriate here given that the Order is relevant "not only for this matter, but for discovery requests in future cases." *In the Matter of Exxon Corp.*, 1981 FTC LEXIS 27, at *5-6, 98 F.T.C. 107 (1981). *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); 16 CHARLES ALAN WRIGHT, ET AL., FED. PRAC. & PROC. § 3929 (3d ed. 2017) (explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility).

Here, there is substantial ground for a difference of opinion regarding what is a controlling question of law. Plaintiff believes that the Court's mandate that Plaintiff file a collective motion at the outset of this matter, *without the benefit of individual or class discovery and without leave to renew*, runs afoul of Second Circuit precedent, according to which "there can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied." *See Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982). Plaintiff believes the same logic holds true of collective motions.

The Court presumably disagrees. But in that case, it is imperative to obtain additional clarity from the Second Circuit regarding the precise conditions under which class and collective plaintiffs can be required to bring certification motions without the benefit of individual or class discovery and without the right to renew the motion. Your Honor has explained at the parties' initial conference that the Court employs the collective certification motion to determine whether class discovery is appropriate in a matter. But Plaintiff believes that places the cart before the horse. Moreover, it bears emphasis that Plaintiff has been denied even the *individual* discovery necessary to make a robust collective motion. As things stand, Plaintiff finds herself in an impossible situation. She cannot appeal the Order until a final judgment, but a final judgment, whether favorable or not, would moot her individual claims and thus deprive her of standing to pursue her class and collective claims.

These issues are doubtlessly relevant to many cases beyond this one, and an interlocutory appeal is Plaintiff's only realistic opportunity to address them.

Despite seeking an appeal of this ruling, Plaintiff's individual and Rule 23 claims survive and must continue in this action. As there are currently claims before the Court, Plaintiff believes a stay to be inappropriate.

Respectfully submitted,

*/s/ CK Lee.*
C.K Lee, Esq.

*Attorney for Plaintiff*

---

Although Plaintiff has explained why she wishes to appeal this Court's September 29, 2022, Order denying her motion to certify a collective ("the Order"), Dkt. 66, she has not explained why, as a matter of procedure, she filed a notice of appeal without first requesting that the Court certify the Order for interlocutory appeal. The Court further notes that Plaintiff's letter suggests that the Order denied Plaintiff's motion for class certification. In fact, Plaintiff has made no motion for Rule 23 class certification, nor has Plaintiff requested to modify the discovery deadline to enable her to pursue discovery so that such a motion could be made.

By no later than **November 10, 2022**, Plaintiff must inform the Court whether the letter dated November 4, 2022, was intended to be a motion to certify the Order for interlocutory appeal, and if so, why such a request is procedurally appropriate after a notice of appeal has been filed.

All deadlines are STAYED pending resolution of the appeal. The Clerk of Court is respectfully directed to terminate the open motion at docket entry 68.

SO ORDERED.

*[signature]* 11/07/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE